## Carter v. Leonard

*John F. Becker*, for plaintiff.
*John E. Kunz*, for defendant.

WETTICK, *J.*, October 16, 1981—Presently before this court is plaintiff's motion to compel defendant, the Catholic Diocese of Pittsburgh, to answer interrogatories.

Plaintiff filed a complaint alleging that he was injured as a result of the condition of the grounds of Holy Rosary Church. The interrogatories in issue seek statements and reports concerning the condition of these premises. Defendant responded to these interrogatories by providing the names of the pastor of Holy Rosary Church and an employe who

maintains and repairs church premises as witnesses who would have knowledge of these facts. Plaintiff contends that these answers are insufficient. She argues that since Pa.R.C.P. 4005(a) requires a corporate officer or agent to furnish "such information as is available to the party," defendant's answer must set forth the knowledge of these named employes since this information is available to defendant.

Defendant contends that such a requirement would be unduly burdensome and oppressive: Pa.R.C.P. 4011(b). Since Rule 4014 provides that any matter within the scope of general discovery is subject to a request for admission, if defendant were compelled to answer the interrogatories on the basis of information obtained from these employes, plaintiff could conclusively bind it to their individual judgments. Defendant cites lower court authorities to support its view. In determining what the answering officer or agent must set forth in answers to interrogatories, the court in Witlin v. Pa.R.R.Co., 18 D. & C. 2d 176, 179 (1959), concluded that a corporation should merely furnish the names of its officers and employes having knowledge of the circumstances. Otherwise:

"[I]t would be necessary for a corporate litigant to discover which of its employes has any knowledge with respect to each of the various interrogatories propounded; then, with respect to each question, the corporate litigant would be required to collate the answers of each of its employes having any knowledge of the question. If, as is likely, the answers of the different employes should vary, the corporate litigant would be required to either state the answers of each of the employes, or else someone within the corporation would be required to analyze the various answers and form a judgment

as to the correct answer, and give as the answer of the corporate litigant his individual judgment."

Accord, In re Harmer Coal Company, 65 D. & C. 2d 259 (1974); Graham v. Peoples Natural Gas Co., 35 D. & C. 2d 717 (1965);[1] cf. Malone v. Pennsylvania R.R. Co., 17 D. & C. 2d 752 (1959).

10 Goodrich-Amram 2d § 4005(a): 5, fn. 97, p.161, comments that if it is sufficient for a corporation to give the names of the witnesses as a basis for further inquiry by plaintiff:

"The result may impose serious burdens upon the inquirer. The court [Graham v. Peoples Natural Gas Co.] recognizes that the inquirer may use the list of witnesses for the purpose of individual depositions, to be conducted by oral examination rather than by interrogatories. But suppose the corporation, conducting a national business, has transferred all these employees out of the state and perhaps to the West Coast. How then does the court provide the inquirer with an adequate procedure? Why should the corporation be exonerated from furnishing any information?"

We agree with Goodrich-Aram that a corporation or similar entity should not be automatically exonerated from furnishing any information. A major purpose of discovery is to narrow the factual issues for trial, and it is frequently through interrogatories and requests for admission that a party obtains either binding admissions or ties the opposing party

---

1. The Graham court apparently based its decision on former Rule 4011(d) which expressly prohibited discovery or inspection which "would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial. . . ." This provision has since been deleted and Rule 4003.3 now authorizes such discovery.

to a particular version of the facts. Since the rules of discovery are equally applicable to all parties, a corporate party has the same duty to furnish reliable information that may have these comsequences mentioned above that is imposed on an individual party. Thus, we will not permit a corporation to avoid the binding consequences of discovery by merely referring the party submitting the interrogatories to a corporate employe who has relevant information. Furthermore, to permit a corporation to act in this fashion would be inconsistent with other discovery rules which reflect a recognition that a corporation through its officers and managing agents shall furnish information that is known or reasonably available to the corporation. See Pa.R.C.P. 4007.1(e), 4019(a)(1)(iv), (v), (vi), and 4020(a)(2).[2]

Our holding that a corporation shall furnish reliable information that is known to or readily available to the responding corporate officer or agent does not mean that every corporate employe may bind a corporate litigant. Because of bias, limited competence or lack of interest in the outcome of the litigation, the accuracy of an employe's statement may be suspect:

"It is unrealistic to assume that merely because someone is an employee, he will consider his employer's affairs as 'his own affairs,' regarding which

---

2. Defendant's reliance on Pa.R.C.P. 4006 which provides that where the burden of ascertaining an answer is substantially the same for the party serving the interrogatory as for the party served, an answer is sufficient if it specifies the records from which the answer may be ascertained and affords the person serving the interrogatories a reasonable opportunity to inspect them is misplaced. This rule applies only to business records and, also, this argument ignores the function of discovery of binding a party to a particular position.

he will 'take[] pains to ascertain dependable facts.' Sometimes an employee may feel this way, but other times he will not; and given the complexity and impersonality of most modern employment, these other times will be the more ususal." Carswell v. Southeastern Pa. Transportation Authority, 259 Pa. Superior. Ct. 167, 181, 393 A. 2d 770, 777 (1968).

For this reason, most cases from other jurisdictions hold that a corporation is bound only by the information possessed by its officers or managing agents. Further, these cases state that the determination of who is a managing agent should be made on an ad hoc basis with consideration being given to such factors as the employe's rank or title, supervisory powers, functions, powers and duties, with reference to the subject matter of the litigation, whether there is any person in higher authority who possesses the information sought from the employe, and whether the person is one who could be expected to identify himself or herself with the interest of the corporation rather than with that of the other party. See 98 A.L.R. 2d 62.

We do not choose to turn the duty of the corporation to respond to an interrogatory on whether or not the information sought may be obtained from an officer or managing agent. The question of who is a managing agent is made on an ad hoc basis because the courts are seeking to bind the corporation only to information offered by a corporate employe that would appear to be reliable. We believe that this purpose is achieved in the manner most consistent with our liberal rules of discovery by compelling a corporation to furnish reliable information possessed by any corporate employe. Information is reliable if it may be obtained from a reliable employe and if it involves a matter within

232

that employe's competence. Thus, if the corporation relies on information provided by an employe for other purposes, this employe's information will be binding on the corporation for purposes of discovery unless this information concerns matters outside the employe's competence or unless the corporation has a reasonable basis for questioning the accuracy of the employe's information.

For these reasons, this court enters the following order of court.

## ORDER OF COURT

On this October 16, 1981, it is hereby ordered that defendant, Catholic Diocese of Pittsburgh, is compelled to provide full and complete answers to the interrogatories that are the subject of plaintiff's motion to compel discovery. These answers shall be based upon any reliable information in the possession of its employes.